UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL L. DOUGLAS,

                Petitioner,              Case No. 1:15-cv-845

v.                                      Honorable Robert J. Jonker

THOMAS MACKIE,

                Respondent.

_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

I.      Factual allegations

Petitioner Daniel L. Douglas presently is incarcerated at the Oaks Correctional Facility.  He pleaded no contest in the Oakland County Circuit Court to one count of armed robbery, MICH. COMP. LAWS § 750.529.  On November 8, 2013, Petitioner was sentenced as a third felony offender, MICH. COMP. LAWS § 769.11, to 10½ to 40 years' imprisonment.

Petitioner sought leave to appeal his conviction to the Michigan Court of Appeals. In a summary order issued on July 14, 2014, the court of appeals denied leave to appeal.  Petitioner did not attempt to file an application for leave to appeal to the Michigan Supreme Court until over one year later.  The supreme court rejected the filing as untimely on July 27, 2015.

Petitioner filed his habeas application on or about August 17, 2015.[1]  He raises the same two claims he presented to the Michigan Court of Appeals:

I.      DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN HE WAS COERCED INTO TAKING A PLEA BECAUSE HIS ATTORNEY WAS NOT ACTING IN HIS BEST INTEREST AND TOLD HIM THAT IF HE PLED HIS MINIMUM SENTENCE WOULD BE AT MOST 42 MONTHS AND HIS ATTORNEY WAS INEFFECTIVE.

II.     MR. DOUGLAS IS ENTITLED TO RESENTENCING WHERE THE SENTENCING GUIDELINES WERE MISSCORED IN VIOLATION OF THE STATE AND FEDERAL DUE PROCESS RIGHT TO SENTENCING BASED UPON ACCURATE INFORMATION AND TRIAL DEFENSE

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his application on August 17, 2015, and it was received by the Court on August 20, 2015.  Thus, it must have been handed to prison officials for mailing at some time between August 17 and 20, 2015.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE SCORING.

(Pet., docket #1, PageID ##18, 21.)

II.  Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he filed a timely application for leave to appeal to the Michigan Court of Appeals, which denied leave to appeal for lack of merit in the grounds presented.

-3-

Petitioner did not appeal to the Michigan Supreme Court in a timely fashion, but instead waited more than one year to attempt to seek leave to appeal, which was rejected as untimely.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claims, Petitioner must file a motion for relief from judgment in the Oakland County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Dismissal of Petitioner's habeas application for lack of exhaustion, however, would effectively preclude Petitioner from pursuing a subsequent habeas action. According to his habeas application, Petitioner filed an application for leave to appeal his conviction to the Michigan Court of Appeals, which was denied on July 14, 2014. Petitioner did not, however, file a timely application seeking leave to appeal to the Michigan Supreme Court.[2] Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted

---

[2]As previously discussed, while Petitioner filed an application for leave to appeal to the Michigan Supreme Court, he did not do so until more than a year after the decision of the Michigan Court of Appeals. His application was rejected as untimely, because Michigan Court Rule 7.302(C)(2) limits the time for filing a delayed application for leave to appeal to 56 days. As previously discussed, in order to properly exhaust a claim, a petitioner must fairly present it to all levels of the state courts. *See O'Sullivan*, 526 U.S. at 842. A claim that is not timely raised under state rules is not fairly presented. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Artuz v. Bennett*, 531 U.S. 4, 10-11 (2000). In addition, a petitioner may not challenge the state court's determination of timeliness. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).

under § 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" ) (emphasis added).  However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court.  *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).  Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court.  *See* MICH. CT. R. 7.302(C)(2).  Accordingly, Petitioner's conviction became final on Monday, September 8, 2014.  Petitioner had one year from that date, or until September 8, 2015, in which to file his habeas application.  Petitioner filed on August 17, 2015, a few weeks prior to the expiration of the statute of limitations.  By the time of this initial review, however, the statute of limitations has expired.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that the habeas statute of limitations is not tolled during the pendency of a federal habeas proceeding).

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[3] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  *See also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (recognizing that a stay-and-abeyance procedure could properly

[3]A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

be applied to mixed habeas petitions in which issues were not exhausted but timeliness was an issue); *Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*). The *Palmer* Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[4] While the instant case does not present a mixed petition because none of Petitioner's claims are exhausted, the Court will assume that *Palmer*'s stay-and-abeyance procedure also applies to a "non-mixed" petition because the impact would be the same if the Court were to dismiss his petition.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines*, 544 U.S. at 277. In its discretion, a district court contemplating stay and abeyance should stay the petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278.

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas

---

[4]The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

-6-

petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics.  *See Rhines*, 544 U.S. at 277-78.  If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court dismiss the petition.

      An Order consistent with this Opinion will be entered.


Dated:     October 5, 2015           /s/ Robert J. Jonker             
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE